UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60129-CR-GOLDBERG

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

THOMAS RAFFANELLO,

     Defendant.

_____/

**DEFENDANT THOMAS RAFFANELLO'S
PRELIMINARY REQUEST FOR PROPOSED JURY INSTRUCTIONS
AND PROPOSED VERDICT FORM**

     Defendant, Thomas Raffanello ("Raffanello") hereby files his preliminary request for proposed jury instructions and proposed verdict form.   In so doing, Raffanello respectfully reserves his right to amend these proposed jury instructions (including both standard and special instructions) until the close of the case.

     Respectfully submitted,

     */s/ Janice Burton Sharpstein*

Janice Burton Sharpstein (Fla. Bar No. 205362)
  E-mail: jbs@jordenusa.com
Richard A. Sharpstein (Fla. Bar No. 208817)
  E-mail: ras@jordenusa.com
Ari Gerstin (Fla. Bar No. 0839671)
  E-mail: ag@jordenusa.com
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131-2803
Telephone:  (305) 371-2600
Facsimile:  (305) 372-9928

Kendall Coffey, Esq. (Fla. Bar No. 259861)
  E-Mail: kcoffey@coffeyburlington.com
Jeffrey Crockett, Esq. (Fla. Bar No. 347401)
  E-mail: jcrockett@coffeyburlington.com
COFFEY BURLINGTON
2699 South Bayshore Drive
Miami, Florida  33131
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

## PROPOSED JURY INSTRUCTION NO. 1

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Indictment.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 1 (2003).

## PROPOSED JURY INSTRUCTION NO. 2

**Duty To Follow Instructions**
**Presumption Of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charges against the Defendants are not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all.   The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 2.1 (2003).

## PROPOSED JURY INSTRUCTION NO. 3

**Duty To Follow Instructions**
**Presumption Of Innocence**
**(When Any Defendant Does Not Testify)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charges against the Defendants are not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 2.2 (2003).

## **PROPOSED JURY INSTRUCTION NO. 4**

### **Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 3 (2003).

## PROPOSED JURY INSTRUCTION NO. 5

**Consideration Of The Evidence
Direct And Circumstantial - -
Argument Of Counsel
Comments By The Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 4.2 (2003).

## PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 5 (2003).

## PROPOSED JURY INSTRUCTION NO. 7

### Impeachment - - Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 6.1 (2003).

## PROPOSED JURY INSTRUCTION NO. 8

### Accomplice - - Informer - - Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

———————————————————————————————————————

Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction No. 1.1 (2003).

## PROPOSED JURY INSTRUCTION NO. 9

**Confession - - Statement**
**(Multiple Defendants)**

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other Defendant on trial.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction No. 2.2 (2003).

## PROPOSED JURY INSTRUCTION NO. 10

### Aiding And Abetting (Agency)
### 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction No. 7 (2003).

## <u>PROPOSED JURY INSTRUCTION NO. 11</u>

### Character Evidence

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction No. 12 (2003).

## PROPOSED JURY INSTRUCTION NO. 12

### Good Faith Defense

Good faith is a complete defense to the charges in the Indictment since good faith on the part of the Defendant is inconsistent with corrupt intent or willfulness which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific wrongful and unlawful intent to obstruct the SEC investigation of Stanford International Bank, Ltd., as alleged in the Indictment, and that the Defendant acted with specific wrongful and unlawful intent to obstruct, influence, and impede an official proceeding, that is, the court proceedings in *SEC v. Stanford International Bank, Ltd.*, et al., Case No. 3-09CV0298-L in the Northern District of Texas as alleged in the Indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with corrupt or willful intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish corrupt or willful intent.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction No. 17 (2003) (modified).

*U.S. v. Ruiz*, 59 F.3d 1151, 1154-55 (11th Cir. 1995) (failure to give requested jury instructions on mistake of fact defense was reversible error because "a defendant's 'mistake of fact' may negate criminal intent, if believed by a jury properly instructed on the law, where the defendant did in fact engage in the conduct giving rise to the charged offense"; "a series of unlawful acts may be intentionally, willfully, purposefully, and voluntarily committed without criminal intent").

## PROPOSED JURY INSTRUCTION NO. 13

### Partial Theory Of Defense

Where, as in this case, the propriety of a Defendant's conduct centers upon an interpretive question of law regarding federal statutes, regulations, or court orders, the government bears the burden of proving beyond a reasonable doubt that the defendant's actions were not consistent with a reasonable interpretation of the federal statutes, regulations, or court orders.  If competing interpretations are reasonable, the Defendant cannot be convicted.

_____

*United States v. Whiteside*, 285 F.3d 1345, 1351-1353 (11th Cir. 2002) citing *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Johnson*, 937 F.2d 392, 399 (8th Cir. 1991); *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978); *United States v. Calhoon*, 97 F.3d 518, 526 (11th Cir. 1996).

**PROPOSED JURY INSTRUCTION NO. 14**

**Proposed Special Instruction
On Theory Of Defense**

Title 15, United States Code, Section 7001, is a law which governs the use and preservation of electronic records or signatures in commerce.  It provides that if a statute, regulation, or other rule of law, requires a company or individual to retain records relating to any transaction or contract affecting interstate or foreign commerce, that the retention requirement is met by retaining or keeping an electronic record of the information that:

(a)     Accurately reflects the information set forth in the contract or other record; and,

(b)     Remains accessible to all persons who are entitled to access the documents in a form that is capable of being accurately reproduced for later reference.

Likewise, even if a statute, regulation or other rule of law requires a record to be retained in its <u>original</u> form, that requirement is satisfied by the retention of an electronic record described by the above referenced federal law.

A "rule of law" means a court order, a legal ruling, a ruling on a point of law.

Under this statute, the term "transaction" means an action or set of actions relating to the conduct of business, consumer, or commercial affairs between two or more persons.

Under the statute, the term "electronic record" means a contract or other record created, generated, sent, communicated, received, or stored by electronic means.

Under the statute, the term "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

If the evidence shows Defendants <u>did</u> retain an electronic record of documents consistent with the statute you must find the documents were properly preserved in accordance with federal law.

_____

Title 15, United States Code, Section 7001.

BLACK'S LAW DICTIONARY 1359 (8th ed. 2007) (defining "rule of law" as follows: "1. A substantive legal principle under the rule of law known as respondeat superior, the employer is answerable for all wrongs committed by an employee in the course of employment.  2. The supremacy of regular as opposed to arbitrary power citizens must respect the rule of law. 3. *Also termed supremacy of law.*  3. The doctrine that every person is subject to the ordinary law within the jurisdiction all persons within the United States are within the American rule of law.  4. The doctrine that general constitutional principles are the result of judicial decisions determining the rights of private individuals in the courts under the rule of law, Supreme Court caselaw makes up the bulk of what we call "constitutional law".  5. Loosely, a **legal ruling; a ruling on a point of law** the *ratio aecidendi* of a case is any rule of law reached by the judge as a necessary step in the decision.") (emphasis added).

## PROPOSED JURY INSTRUCTION NO. 15

### Caution - - Court Orders

You have heard testimony relating to court orders. You are advised that the two defendants in this case are not charged in any way with violating those court orders.

The only reason it's introduced is to show the relevance as to knowledge, intent, and likelihood of consequences as to the investigation and proceeding. I will give you additional instructions.

Be advised that you are not to consider in any way, shape, or form that these two gentlemen on trial -- they are not charged with any violation of those orders.

_____

Court's prior limiting instruction to the jury.  *See* Transcript of February 3, 2010 at 79-80.

## PROPOSED JURY INSTRUCTION NO. 16

**Introduction To Offense Instructions**
**(In Conspiracy Cases)**

At this time I will explain the Indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.

In summary, Count One charges that the Defendants knowingly and willfully conspired together to:

(c)   corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding was being had before the Securities and Exchange Commission, an agency of the United States, that is, the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1505;

(d)   knowingly alter, destroy, and mutilate records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any agency of the United States, that is the United States Securities and Exchange Commission, and in relation to and contemplation of the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1519; and

(e)   corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity and availability for use in an official proceeding, and to otherwise obstruct, influence, and

impede an official proceeding, that is, the court proceedings in *SEC v. Stanford International Bank, Ltd.*, et al., Case No. 3-09CV0298-L in the Northern District of Texas, as alleged in the Indictment, in violation of Title 18, United States Code, Section 1512(c).

Counts Two, Three and Four respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendants Obstructed a Proceeding Before the SEC, to wit: an SEC investigation of Stanford International Bank, Ltd. (Count Two); Destruction of Records in a Federal Investigation, to wit: an SEC investigation of Stanford International Bank, Ltd. (Count Three); and Destruction of Documents in an Official Court Proceeding, to wit: court proceedings in *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L in the Northern District of Texas (Count Four). I will explain the law governing those substantive offenses in a moment.

First, however, as to Count One, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 8 (2003) (modified).

## PROPOSED JURY INSTRUCTION NO. 17

### General Conspiracy Charge
### 18 USC §371

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the Indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is that the Defendants "willfully … and knowingly combine(d), conspire(d), confederate(d) and agree(d) with each other … to commit certain offenses against the United States." More specifically the evidence must show beyond a reasonable doubt:

> First:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;
>
> Second:  That the Defendant, knowing the unlawful purpose of the plan,

20

willfully joined in it;

Third:   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the Indictment; and,

Fourth:   That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

The term "willfully" means that the act was committed voluntarily and purposely with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan as described in the Indictment and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who

21

happens to act in a way which advances some purpose of one, does not thereby become a

conspirator.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 13.1 (2003) (modified).

## PROPOSED JURY INSTRUCTION NO.  18

### Multiple Objects
### (For Use With General Conspiracy Charge)
### 18 USC § 371

In this instance, with regard to the alleged conspiracy, the Indictment charges that the Defendants conspired:

(a)     to corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding was being had before the Securities and Exchange Commission, an agency of the United States, that is, the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1505;

(b)     to knowingly alter, destroy, and mutilate records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any agency of the United States, that is the United States Securities and Exchange Commission, and in relation to and contemplation of the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1519; and

(a)     to corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity and availability for use in an official proceeding, and to otherwise obstruct, influence, and impede an official proceeding, that is, the court proceedings in *SEC v. Stanford International Bank, Ltd.*, et al., Case No. 3-09CV0298-L in the

Northern District of Texas as alleged in the Indictment, in violation of Title 18, United States Code, Section 1512(c).

It is charged, in other words, that the Defendants willfully conspired to commit three separate, substantive crimes or offenses.  The word "willfully" means that, the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

In such a case it is not necessary for the Government to prove that the Defendant under consideration willfully conspired to commit <u>all</u> of the alleged substantive offenses. It would be sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully conspired with someone to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which one of the three offenses the Defendant conspired to commit.

If you cannot agree on which one of the three alleged substantive offenses the Defendant conspire to commit, you must find the Defendants not guilty.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 13.2 (2003) (modified).

Indictment p. 10.

## <u>PROPOSED JURY INSTRUCTION NO. 19</u>

### Obstruction Of Proceeding Before The SEC
### 18 USC § 1505

Title 18, United States Code, Section 1505, makes it a Federal crime or offense for anyone to corruptly endeavor to influence, obstruct or impede the due and proper administration of the law under which a pending proceeding is being had before the United States Securities and Exchange Commission.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That there was a proceeding pending before the United States Securities and Exchange Commission as described in the Indictment;

<u>Second</u>:    That the Defendant knew of or believed that particular proceeding described in the Indictment was pending.

<u>Third</u>:    That the Defendant corruptly endeavored to influence, obstruct or impede the due and proper administration of the law under which that proceeding was being had, as charged; and

<u>Fourth</u>:    That the Defendant knew that the natural and probable effect of his actions would be to influence, obstruct or impede the due and proper administration of the SEC proceeding described in the Indictment.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and dishonestly with the specific intent to influence, obstruct or impede the due and proper administration of the law under which the SEC proceeding described in the Indictment was being had.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "influence, obstruct or impede" the due and proper administration of law means to take some action for the purpose of swaying or changing, or preventing or

thwarting in some way any of the actions likely to be taken in the SEC proceeding described in the Indictment.

While it must be proved that the Defendant corruptly endeavored to influence, obstruct or impede the due and proper administration of the law as charged, and that the Defendant knew that the natural and probable effect of the Defendant's acts would be to influence, obstruct or impede the due and proper administration of the law, it is not necessary for the Government to prove that the SEC proceeding was in fact influenced or obstructed or impeded.

---

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 56.1 (2003) (modified).

*United States v. Aguilar*, 515 U.S. 593, 598 (1995) (discussing the requirements under 18 U.S.C. 1503: "[I]t is not enough that there be an intent to influence some ancillary proceeding . . . . [T]he endeavor must be the 'natural and probable effect' of interfering with the due administration of justice. This is not to say that the defendant's actions need to be successful; an 'endeavor' suffices. But, as in *Pettibone* [*v. United States*, 148 U.S. 198 (1893)], if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct.") (internal citations omitted).

*United States v. Quattrone*, 441 F.3d 153, 170 n.18 (2d Cir. 2006) (treating § 1505 the same as § 1503 and recognizing that "[t]he only relevant distinction" between § 1505 and § 1503 "lies in the attendant circumstances of the obstruction").

*United States v. Quattrone*, 441 F.3d 153, 174 (2d Cir. 2006) ("To prove obstruction of an agency proceeding, the government must establish that (1) there 'was a proceeding pending before a department or agency of the United States;' (2) 'the defendant knew of or [believed] . . . that the proceeding was pending;' and (3) 'the defendant corruptly endeavored to influence, obstruct, or impede the due and proper administration of the law under which the proceeding was pending.' The latter element requires a wrongful intent or improper motive to interfere with an agency proceeding, including the judicially grafted nexus requirement.") (internal citations omitted).

*United States v. Quattrone*, 441 F.3d 153, 178 (2d Cir. 2006) ("Under the charge, as given, any defendant who urges the destruction of documents might run afoul of section 1503 (or 1505) without any proof that the defendant knew the documents were subject to

a subpoena (or document request).  More is required; a defendant must know that his actions 'are likely to affect the . . . proceeding.'").

*Arthur Anderson, LLP v. United States*, 544 U.S. 696, 705-07 (2005) (recognizing that it is only when a party acts with "consciousness of wrongdoing," "with "wrongful, immoral, depraved or evil," i.e., corrupt intent and consciousness of wrongdoing,  that the act may become criminal; the conduct done with "innocent" motive or a sincere belief that it was "lawful" may not be criminalized).

*Arthur Anderson, LLP v. United States*, 544 U.S. 696, 706-08 (2005) (requiring a "nexus," i.e., that a defendant to be convicted "must have in contemplation [a] particular official proceeding in which [the] documents [at issue] might be material," and intend to "dishonestly" subvert or interfere with that proceeding).

*United States v. Sunia*, No. 07-225 (RBW), 2009 WL 2447367, at *26 (D.D.C. Aug. 11, 2009) (dismissing counts of an indictment for failure to allege "all of the elements necessary for conviction under [§ 1505]" where the indictment failed to "allege facts supporting the threshold requirement that the defendant knew about the agency proceeding arising under 'the law' that he 'corruptly endeavor[ed]' to obstruct").

<u>**PROPOSED JURY INSTRUCTION NO. 20**</u>

**Destruction of Records in a Federal Investigation**
**18 USC § 1519**

Title 18, United States Code, Section 1519, makes it a Federal crime or offense for anyone to knowingly destroy records with the corrupt intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of the United States Securities and Exchange Commission.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That the United States Securities and Exchange Commission was conducting an investigation of Stanford International Bank, Ltd., as described in the Indictment;

<u>Second</u>: That the Defendant knew of or believed that particular federal investigation or matter described in the Indictment was pending or contemplated;

<u>Third</u>:   That the Defendant knowingly and corruptly endeavored to impede, obstruct or influence this investigation or the due and proper administration of this SEC proceeding, as described in the Indictment, by knowingly destroying records or documents; and,

<u>Fourth</u>: That the Defendant knew that the natural and probable effect of his actions would be to impede, obstruct or influence the due and proper administration of the SEC proceeding.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and dishonestly with the specific intent to impede, obstruct or influence the investigation or proper administration of a matter within the jurisdiction of the United States Securities and Exchange Commission.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "impede, obstruct, or influence" the due and proper administration of a

matter means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the SEC proceeding.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 56.1 (2003) (definition of "corruptly" and "endeavor") (modified).

*United States v. Russell*, 639 F. Supp. 2d 226, 234 (D. Conn. 2007) ("[T]here appears to be little doubt that the nexus requirement applies to prosecutions under both obstruction of justice statutes [§§ 1512(c) and 1519] at issue in this case.").

*United States v. Russell*, 639 F. Supp. 2d 226, 240 (D. Conn. 2007) ("The statute criminalizes the knowing destruction of a record, document, or tangible object, even one containing contraband, but only if the destruction is undertaken knowingly and with the intent to obstruct a federal investigation or the proper administration of any matter or 'in relation to or contemplation of' such matter or case.").

*United States v. Russell*, 639 F. Supp. 2d 226, 239 (D. Conn. 2007) ("The scienter requirement of § 1519 is that a defendant act knowingly. . . . The term knowingly is 'normally associated with awareness, understanding, or consciousness.' Criminality under § 1519 is thus limited to individuals who act with consciousness of wrongdoing . . . .") (internal citations omitted).

*United States v. Aguilar*, 515 U.S. 593, 598 (1995) (discussing the requirements under 18 U.S.C. 1503: "[I]t is not enough that there be an intent to influence some ancillary proceeding . . . . [T]he endeavor must be the 'natural and probable effect' of interfering with the due administration of justice. This is not to say that the defendant's actions need to be successful; an 'endeavor' suffices. But, as in *Pettibone* [*v. United States*, 148 U.S. 198 (1893)], if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct.") (internal citations omitted).

*Arthur Anderson, LLP v. United States*, 544 U.S. 696, 705-07 (2005) (recognizing that it is only when a party acts with "consciousness of wrongdoing," "with "wrongful, immoral, depraved or evil," i.e., corrupt intent and consciousness of wrongdoing, that the act may become criminal; the conduct done with "innocent" motive or a sincere belief that it was "lawful" may not be criminalized).

*Arthur Anderson, LLP v. United States*, 544 U.S. 696, 706-08 (2005) (requiring a "nexus," i.e., that a defendant to be convicted "must have in contemplation [a] particular official proceeding in which [the] documents [at issue] might be material," and intend to "dishonestly" subvert or interfere with that proceeding).

## PROPOSED JURY INSTRUCTION NO. 21

### Destruction Of Documents In An Official Court Proceeding
### 18 USC § 1512(c)

Title 18, United States Code, Section 1512(c), makes it a Federal crime or offense for anyone to corruptly destroy a record with intent to impair its availability for use in an official court proceeding.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That there was an official court proceeding pending the in federal district court for the Northern District of Texas, that is the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L, as alleged in the Indictment;

Second: That the Defendant knew of or believed that particular official court proceeding was pending;

Third: That the Defendant corruptly, with the specific intent to impair the integrity and availability of records, documents, and other objects from use in the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L, endeavored to alter, destroy, mutilate, and conceal such records, documents and other objects; and

Fourth: That the Defendant knew that the natural and probable effect of his actions would be to impede, obstruct or influence the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L, as alleged in the Indictment.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and dishonestly with the specific intent to impair the integrity and availability of records, documents, and other objects from use in the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "impair the integrity and availability" of records, documents, and other objects means to take some action for the improper purpose of preventing such materials from use in the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L.

An "official court proceeding" means a proceeding before a judge or court of the United States.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 56.1 (2003) (definition of "corruptly" and "endeavor") (modified).

18 U.S.C. 1515(a)(1) (definition of "official proceeding") (modified)

*United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007) ("[T]he trial court properly instructed the jury that the Government was required to prove the following: (1) there was an official proceeding taking place, in this case a grand jury investigation; (2) [the defendant] 'engaged in conduct which constituted a substantial step toward the commission of the crime of obstruction of an official proceeding;' (3) [the defendant] acted 'corruptly,' *i.e.*, 'with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct' the grand jury investigation; and (4) '[t]he natural and probable effect of [the defendant's] conduct would be the interference with the due administration of justice.'").

*United States v. Russell*, 639 F. Supp. 2d 226, 239 (D. Conn. 2007) ("[T]here appears to be little doubt that the nexus requirement applies to prosecutions under both obstruction of justice statutes [§§ 1512(c) and 1519] at issue in this case.").

*United States v. Aguilar*, 515 U.S. 593, 598 (1995) (discussing the requirements under 18 U.S.C. 1503: "[I]t is not enough that there be an intent to influence some ancillary proceeding . . . . [T]he endeavor must be the 'natural and probable effect' of interfering with the due administration of justice. This is not to say that the defendant's actions need to be successful; an 'endeavor' suffices. But, as in *Pettibone* [*v. United States*, 148 U.S. 198 (1893)], if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct.") (internal citations omitted).

*Arthur Anderson, LLP v. United States*, 544 U.S. 696, 705-07 (2005) (recognizing that it is only when a party acts with "consciousness of wrongdoing," "with "wrongful, immoral, depraved or evil," i.e., corrupt intent and consciousness of wrongdoing,  that the

act may become criminal; the conduct done with "innocent" motive or a sincere belief that it was "lawful" may not be criminalized).

*Arthur Anderson, LLP v. United States*, 544 U.S. 696, 706-08 (2005) (requiring a "nexus," i.e., that a defendant to be convicted "must have in contemplation [a] particular official proceeding in which [the] documents [at issue] might be material," and intend to "dishonestly" subvert or interfere with that proceeding).

## PROPOSED JURY INSTRUCTION NO. 22

### On Or About - - Knowingly - - Willfully

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the Indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 9.1 (2003).

## PROPOSED JURY INSTRUCTION NO. 23

### Caution - - Punishment
### (Multiple Defendants - - Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 10.4 (2003).

## PROPOSED JURY INSTRUCTION NO. 24

### Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 11 (2003).

## PROPOSED JURY INSTRUCTION NO. 25

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 12 (2003).

## PROPOSED JURY INSTRUCTION NO. 26

Ladies and gentlemen of the jury, during the course of this trial you may have seen bags of shredded materials in the courtroom.  However, these items were never admitted into evidence.  Therefore, you may not consider these items or any inferences related to these items during your deliberations.  Your verdict must be based solely on the evidence admitted during the trial.

Simply put, the bags of shredded materials and any inferences related to these items cannot be considered by this jury to reach a finding of guilt.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60129-CR-GOLDBERG

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

THOMAS RAFFANELLO,

      Defendant.

_____/

## VERDICT

    We the Jury, unanimously find the defendant, **THOMAS RAFFANELLO,**

<u>As to Count 1:</u>

NOT GUILTY _____   GUILTY ___

    IF you found **THOMAS RAFFANELLO** guilty of Count 1, please indicate what objective or objectives you unanimously find **THOMAS RAFFANELLO** agreed to commit:

        _____ § 1505 _____ § 1519 _____ § 1512(c)

<u>As to Count 2:</u>

NOT GUILTY _____   GUILTY ___

<u>As to Count 3:</u>

NOT GUILTY _____   GUILTY ___

<u>As to Count 4:</u>

NOT GUILTY _____   GUILTY ___

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of February, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Janice Burton Sharpstein*

**<u>SERVICE LIST</u>**

**United States of America v. Thomas Raffanello
Case No. 09-60129-CR-GOLDBERG
United States District Court, Southern District Of Florida**


Matthew Klecka, Senior Litigation Counsel
Jack B. Patrick, Senior Litigation Counsel
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005-2107
[via Notices of Electronic Filing generated
by CM/ECF]


Edward R. Shohat
Bierman, Shohat, Loewy & Kegerreis, P.A.
800 Brickell Avenue
Penthouse Two
Miami, Florida  33131
[via Notice of Electronic Filing generated
by CM/ECF]


183781v9